

Writer's Direct Dial: 610.822.0261
E-Mail: plevan@ktmc.com

November 16, 2012

**VIA ELECTRONIC CASE FILING**

The Hon. Denis R. Hurley
United States District Court
Eastern District of New York
Central Islip Courthouse
P.O. Box 9014
100 Federal Plaza
Central Islip, NY 11722

Re: *Mark C. Biddison v. Wells Fargo Bank, N.A.*
    **Case No. 12-cv-03021 DRH-AKT**

Dear Judge Hurley:

Plaintiff Mark Biddison hereby responds to the November 6 letter of Defendants Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage (together "Wells Fargo" or "Wells Defendants") advising the Court of their intention to move pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) for an order dismissing all claims asserted against them.

As an initial matter, the Wells Defendants incorporate by reference points raised by Defendants Assurant, Inc. ("AIZ") and American Security Insurance Company ("ASIC" and, collectively with AIZ, "Assurant Defendants") in their October 23 letter. (Dkt. No. 25) In response, Plaintiff incorporates by reference all arguments presented in opposition to those points in his November 5 responsive letter to the Court. (Dkt. No. 28) Wells Fargo further contends, however, that Plaintiff has failed to state claims for breach of contract and breach of fiduciary duty. (Dkt. No. 29 at 2) For the following reasons, the Wells Defendants' additional proffered bases for dismissal lack merit and should be rejected.

***Breach of Contract/Good Faith and Fair Dealing***: Wells Fargo contends that Plaintiff's breach of contract claim fails because the duty of good faith and fair dealing – while implicit in every contract – cannot imply an obligation inconsistent with the other terms of the contractual relationship and there can be no breach "where the contract expressly permits the actions being challenged." (Dkt. No. 29 at 2-3) Such arguments, however, are entirely misplaced.

280 King of Prussia Road, Radnor, Pennsylvania 19087   T. 610-667-7706   F. 610-667-7056   info@ktmc.com
580 California Street, Suite 1750, San Francisco, California 94104   T. 415-400-3000   F. 415-400-3001   info@ktmc.com
WWW.KTMC.COM



Honorable Denis R. Hurley
November 16, 2012
Page 2



While the mortgage contracts granted Wells Fargo limited discretion to force-place Plaintiff and the Class if certain conditions were met, they did **not** grant Wells Fargo unfettered discretion and authority to place borrowers into exorbitantly-priced policies in exchange for the receipt of hefty commissions, reinsurance ceding fees and below-market "tracking" and other administrative services, as alleged here. *See, e.g.*, Complaint ¶¶ 5, 8, 9, 14, 39, 48, 81, 102. It is the Wells Defendants' unlawful exploitation of its limited authority to force-place under its mortgage contracts that is being challenged by Plaintiff here, not the act of force-placement itself, and there is no authorization for such self-dealing included anywhere in the relevant contracts. *See, e.g., Dalton v. Educ. Testing Serv.*, 87 N.Y. 2d 384, 389 (1995) ("Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion."); 3A Arthur L. Corbin, CORBIN ON CONTRACTS § 654A(B) at 89 (Supp. 1994) ( "[T]he duty of good faith limits the parties' ability to act unreasonably in contravention of the other party's reasonable expectations.").

By exercising its limited discretion to force-place borrowers in a manner designed to generate profits for itself and other scheme members through undisclosed kick-backs, policy backdating and other self-dealing – rather than to protect the legitimate interests of the mortgage holder – Wells Fargo breached the contract and its concomitant duty of good faith and fair dealing. "For this reason, courts around the country have held in cases with almost identical facts that plaintiffs stated a claim for breach of the covenant of good faith and fair dealing." *Montanez v. HSBC Mortg. Corp. (USA)*, No. 11-CV-4074, 2012 U.S. Dist. LEXIS 99692, at **19-20 (E.D. Pa. July 17, 2012) (citing *Kunzelmann v. Wells Fargo Bank, N.A.*, No. 11-CV-81373, 2012 WL 2003337 (S.D. Fla. June 4, 2012); *McNeary-Calloway v. JPMorgan Chase Bank, N.A.*, 863 F. Supp. 2d 928 (N.D. Cal. 2012); *Williams v. Wells Fargo Bank N.A.*, No. 11-CV-21233, 2011 WL 4901346 (S.D. Fla. Oct. 14, 2011); *Abels v. JPMorgan Chase Bank, N.A.*, 678 F. Supp. 2d 1273 (S.D. Fla. 2009)).

**Breach of Fiduciary Duty**: Wells Fargo's assertions that a mortgagee does not owe a fiduciary duty to the mortgagor and that, even if such a duty exists, there can be no misconduct where the mortgage explicitly authorizes the force placement of insurance (Dkt. No. 29 at 3) are equally faulty. Courts have recognized that "mismanagement of an escrow may give rise to a cause of action for a breach of fiduciary duty." *Bilek v. Am. Home Mortg. Servicing*, No. 07-CV-4147, 2010 U.S. Dist. LEXIS 71095, at **10-11 (N.D. Ill. July 15, 2010) (citing *Choi v. Chase Manhattan Mortg. Co.*, 63 F. Supp. 2d 874, 885 (N.D. Ill. 1999) (collecting cases)). Similarly, a fiduciary relationship may arise between a bank and its customer where the bank engages in self-dealing or assumes additional responsibilities. *See Jaffe v. Bank of Am., N.A.*, 395 F. App'x 583, 590 (11th Cir. 2010) ("[S]pecial circumstances may impose a fiduciary duty where the lender 'receives any greater economic benefit than from a typical transaction.'"); *Capital Bank v. Mvb,*



644 So.2d 515, 521 (Fla. Dist. Ct. App. 3d Dist. 1994) ("[W]e recognize a fiduciary relationship between a bank and a customer where the bank knows or has reason to know of the customer's trust and confidence under the circumstances exceeding an ordinary commercial transaction…Where the lender has voluntarily assumed additional roles, accompanying responsibilities properly follow.").

Moreover, while Wells Fargo cites two force-placed insurance cases that were dismissed, numerous other courts have upheld claims arising out of force-placed insurance schemes like those alleged here, including claims of breach of fiduciary duty. *See, e.g., Arango v. Chase Home Fin., LLC*, No. 11-CV-2001, 2012 U.S. Dist. LEXIS 30326, at \*\*12-13 (M.D. Fla. Mar. 7, 2012) (upholding breach of fiduciary duty claim in force-placed insurance case where "Plaintiffs allege[d] that Chase received a greater economic benefit from the typical mortgage transactions in the form of 'kickbacks'"). *See also Kunzelmann*, 2012 WL 2003337; *Morris v. Wells Fargo N.A.*, No. 11-CV-474, 2012 U.S. Dist. LEXIS 127487 (W.D. Pa. Sept. 7, 2012); *Montanez*, 2012 U.S. Dist. LEXIS 99692; *McNeary-Calloway*, 863 F. Supp. 2d 928; *Williams*, 2011 WL 4901346; *Abels*, 678 F. Supp. 2d 1273; *Wulf v. Bank of Am., N.A.*, 798 F. Supp. 2d 586 (E.D. Pa. 2011).

Finally, Plaintiff's breach of fiduciary duty claim is not unduly duplicative of the breach of contract claim because Wells Fargo's fiduciary relationship – which arises as a result of its discretionary control over borrowers' escrow accounts – would exist even in the absence of any contract. *See, e.g., Davis v. Dime Sav. Bank, FSB*, 158 A.D.2d 50, 52 (N.Y. App. Div. 3d Dep't 1990) ("the same conduct which constitutes a breach of a contractual obligation may also constitute the breach of a duty arising out of the contract relationship which is independent of the contract itself").

Thus, Wells Fargo's purported bases for dismissal are without merit.

Respectfully,

*/s/ Peter H. LeVan, Jr.*
Peter H. LeVan, Jr. (*pro hac vice*)

cc: All Counsel of Record via ECF System